UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JUDSON WATKINS,

                              Plaintiff,

             v.                                                     9:19-CV-1561
                                                                  (TJM/TWD)

JANE DOE, et al.,

                              Defendants.
_____

APPEARANCES:

JUDSON WATKINS
Plaintiff, Pro Se
02-B-1371
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION and ORDER

      Plaintiff Judson Watkins commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order filed on January 23, 2020, the Honorable Thomas J. McAvoy granted plaintiff's IFP Application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that plaintiff's Eighth Amendment excessive force claim against defendant John Doe survived sua sponte review, and that the remaining Section 1983 claims were subject to dismissal for failure to state a claim upon which relief may be

granted. Dkt. No. 6 ("January 2020 Order"). Because plaintiff was not able to identify the only defendant remaining in the action by name, the Court directed the Clerk of the Court to send a copy of the complaint and the January 2020 Order to the Onondaga County Attorney's Office and requested that the Onondaga County Attorney's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), attempt to ascertain the full name of the John Doe defendant, described in the complaint as an official working at the Onondaga County Jail and "SERT Team member" involved in a use-of-force incident related to an extraction of plaintiff from his cell on or about February 4, 2017. *Id*. at 13.

Presently before the Court is a letter filed by the Chief Deputy County Attorney for the Onondaga County Attorney's Office, wherein he states, in pertinent part, that "the sheriff's records show a SERT use-of-force incident related to an extraction of plaintiff on 2 February, 2017," with the following "SERT members" involved: Deputy John Uzunoff, Deputy John Drapikowski, Deputy Jeremy Ferris, Deputy Matthew Murphy, Deputy John Bennett, and Deputy Codee Phillips. Dkt. No. 7 ("Status Report") at 1. The Status Report further indicates that "the sheriff's records do not show which, or that any, of the SERT members is John Doe who punched plaintiff in the face 15 times." *Id*.

Plaintiff should review the Status Report. In the event he is able to identify one or more defendants by name, he must submit to the Court an amended complaint which substitutes the named defendant(s) in place of the John Doe defendant, and makes any other corrections necessary. In the event plaintiff is unable to identify the individual(s) he intended to sue by name, he must submit an amended complaint that provides additional information that might assist with the identification of the John Doe official(s) he desires to sue, such as a physical description of the official(s), and/or other occasions when plaintiff

2

may have encountered the official(s).

Any proposed amended complaint must be submitted within thirty (30) days of the date of this Decision and Order, and must be a complete pleading, which, if accepted for filing, would replace the complaint in all respects. Thus, in addition to either naming the correct defendant(s) in place of John Doe or providing more information that might assist with the identification of the correct defendant(s), plaintiff's proposed amended complaint should indicate in the caption that it is the amended complaint, name the defendant(s) in the caption and parties sections, and be signed. In an effort to assist plaintiff in drafting the proposed amended complaint, the Clerk shall send him a copy of his complaint, together with a blank Section 1983 form complaint. Before submitting the proposed amended complaint to the Court, plaintiff should make a copy of the submission for his personal records.

**WHEREFORE**, it is hereby

**ORDERED** that, within **THIRTY DAYS** of the date of this Decision and Order, plaintiff shall review the Status Report (Dkt. No. 7) provided by the Onondaga County Attorney's Office and submit to the Court a proposed amended complaint in accordance with this Decision and Order; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff, together with a copy of the complaint and a form Section 1983 complaint.

**IT IS SO ORDERED.**

Dated: March 5, 2020
      Syracuse, NY

Thérèse Wiley Dancks
United States Magistrate Judge