UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JUDSON WATKINS,

                           Plaintiff,

     v.                                                    9:19-CV-1561 (TJM/TWD)

DEPUTY JOHN UZUNOFF, et al.,

                           Defendants.

---

APPEARANCES:

JUDSON WATKINS
Plaintiff, Pro Se
02-B-1371
Jamesville Correctional Facility
6660 East Seneca Turnpike
Jamesville, NY 13078

ROBERT A. DURR, ESQ.                     JOHN E. HEISLER, JR., ESQ.
Onondaga County Attorney            Chief Deputy County Attorney
Attorney for Defendants
John H. Mulroy Civic Center
421 Montgomery Street, 10th Floor
Syracuse, NY 13202

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Judson Watkins, proceeding pro se in this 42 U.S.C. § 1983 civil rights action, alleges wrongdoing while he was incarcerated at the Onondaga County Jail. Dkt. No. 9 ("Am. Compl."). After the amended complaint was served on defendants Uzunoff,

Drapikowski, Ferris, Murphy, Bennett, and Phillips, and answers were filed on their behalf,[1] plaintiff filed a motion for appointment of counsel. *See* Dkt. No. 42 ("First Motion for Counsel"). By Decision and Order entered on November 3, 2020, this Court, among other things, denied the First Motion for Counsel without prejudice. Dkt. No. 44 ("Order Denying Plaintiff's First Motion for Counsel").[2] Days later, plaintiff filed a second motion for appointment of counsel. Dkt. No. 45 ("Second Motion for Counsel").

By Order entered on November 18, 2020, this Court denied plaintiff's Second Motion for Counsel without prejudice for the reasons stated in the Order Denying Plaintiff's First Motion for Counsel, and because plaintiff had once again failed to provide evidence showing that his claims are of substance, or identify any efforts made to obtain counsel from the public and private sector. Dkt. No. 45 ("Order Denying Plaintiff's Second Motion for Counsel"). Thereafter, plaintiff filed a letter motion requesting a court conference to discuss his "situation", Dkt. No. 48 ("Letter Request"), along with documents that included a renewed request for appointment of counsel, Dkt. No. 51 ("Third Motion for Counsel").[3]

By Order entered on December 11, 2020, the Court denied plaintiff's Letter Request for a court conference, as well as his Third Motion for Counsel, without prejudice. Dkt. No. 52 ("December 2020 Order"). In doing so, the Court specifically advised plaintiff that he could renew his request for a court conference, or appointment of counsel, in the event he encountered difficulties with discovery requests that he served or received, or a motion filed

---

[1] *See* Dkt. Nos. 32, 33, 34, 35, 36, 37.

[2] The procedural history leading up to the filing of the First Motion for Counsel was discussed at length in the Order Denying Plaintiff's First Motion for Counsel.

[3] The Letter Request stated that plaintiff (1) requires assistance reading and writing, (2) has not prepared any of the submissions in this case on his own, and (3) has been unable to procure an attorney from the private sector despite his efforts. *Id*.

by counsel, which the Court would consider in light of the circumstances present at that time. *Id*.

Presently before this Court are the following: (1) plaintiff's letter request for reconsideration of the Court's prior orders denying his requests for counsel, Dkt. No. 53 ("Motion for Reconsideration"); and (2) plaintiff's fourth request for appointment of counsel, Dkt. No. 54 ("Fourth Motion for Counsel").

## II.   MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[4]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff's Motion for Reconsideration asks the Court to reverse its prior orders and grant plaintiff's request for counsel because he is "unable to receive any further assistance" from other inmates with regard to his case and is "in dire need of assistance[.]"  *Id*.

---

[4] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*, 70 F.3d at 257.

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice. After thoroughly reviewing plaintiff's letter, and affording his request due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the Court's prior orders denying plaintiff's requests for counsel. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decisions addressing plaintiff's requests for counsel were legally correct and did not work a manifest injustice. Thus, plaintiff's request for reconsideration of the Court's prior orders denying his motions for counsel is denied.

## III.  FOURTH MOTION FOR COUNSEL

The legal standard governing motions for appointment of counsel was discussed at length in the Order Denying Plaintiff's First Motion for Counsel and will not be restated herein.

Plaintiff once again seeks appointment of counsel based on his inability to "read or write." *See* Fourth Motion for Counsel. Plaintiff further states that he has attempted to obtain counsel on his own, without success. *Id*.

Plaintiff's Fourth Motion for Counsel is denied without prejudice for the reasons stated in the Order Denying Plaintiff's First Motion for Counsel, and in the December 2020 Order. *See* Dkt. No. 44 at 5-6. However, for the sake of clarity, the Court will schedule a teleconference with plaintiff and counsel for the defendants by separate text notice to discuss plaintiff's concerns.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Motion for Reconsideration (Dkt. No. 53) is **DENIED**; and it is further

**ORDERED** that plaintiff's Fourth Motion for Counsel (Dkt. No. 54) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: January 29, 2021
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge